IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KEVIN DALE MELTON**                                                          **PLAINTIFF**

**v.**                                               **CIVIL CASE NO. 4:24-CV-84-RP**

**COMMISSIONER OF**
**SOCIAL SECURITY**                                                   **DEFENDANT**

## OPINION AND JUDGMENT

Pursuant to 42 U.S.C. § 405(g), the plaintiff Kevin Dale Melton brought this action for judicial review of an unfavorable decision of the Commissioner of Social Security regarding an application for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c). ECF #8. The undersigned held a hearing on April 23, 2025. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel, and the applicable law, the court finds the Commissioner's decision is not supported by substantial evidence and should be reversed.

## Standard of Review

In determining disability, the Commissioner, through the Administrative Law Judge ("ALJ"), works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove [he] is not currently engaged in

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).
[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

substantial gainful activity.³ Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."⁴ At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).⁵ If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.⁶ At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.⁷ If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.⁸

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,⁹ even if it finds

---

³20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).
⁴20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).
⁵20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).
⁶20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).
⁷20 C.F.R §§ 404.1520(g), 416.920(g) (2010).
⁸*Muse*, 925 F.2d at 789.
⁹*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

## **Commissioner's Decision**

At step one of the sequential evaluation process, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset date of January 17, 2023. At step two, he found that the plaintiff had the severe impairment of palmer facial fibromatosis (Dupuytren deformity). At step three, he found that the plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. The ALJ then determined that the plaintiff has the residual functioning capacity ("RFC") to perform the full range of light work as defined in 20 CFR 416.967(b). At step four, the ALJ found that the plaintiff has no past relevant work. Finally, at step five, the ALJ found that considering the plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the plaintiff can perform, such as the

---

[10]*Bowling v. Shalala,* 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

representative light, unskilled jobs of housekeeper, counter attendant, and cafeteria attendant. Accordingly, the ALJ concluded that the plaintiff is not disabled.

## Discussion

The plaintiff argues, among other things, that the ALJ failed to fully and fairly develop the record when he denied the plaintiff's request for a physical consultative examination to determine his functional limitations caused by his residual chemotherapy-induced neuropathy. The court agrees and therefore does not address the plaintiff's other arguments in this written opinion.

"The ALJ's duty to undertake a full inquiry … 'does not require a consultative examination at government expense unless the record establishes that such an examination is *necessary* to enable the administrative law judge to make the disability decision.'" *Pierre v. Sullivan*, 884 F.2d 799, 802 (1989) (quoting *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977) (emphasis in original)). Situations that may require a CE to secure needed medical evidence include but are not limited to: (1) the additional evidence needed is not contained in the records of your medical sources; (2) the evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, such as death or noncooperation of a medical source; (3) highly technical or specialized medical evidence that we need is not available from your treating or other medical sources; and (4) there is an indication of a change in your condition that is likely to affect your ability to work, but the current severity of your impairment is not established  20 C.F.R. § 416.919a(b).

Whether to require such an examination is within the ALJ's discretion. *Pierre,* 884 F.2d at 802. Even where an ALJ has failed to develop an adequate record, reversal is not warranted unless the claimant shows he was prejudiced as a result. *Kane v. Heckler,* 731 F.2d 1216, 1220 (5th Cir. 1984).

"[He] must show that, had the ALJ done his duty, [he] could and would have adduced evidence that might have altered the result." *Kane,* 731 F.2d at 1220.

In the present case, the plaintiff received chemotherapy treatment for testicular cancer, which treatment caused neuropathy characterized by significant pain in his feet. Although the treatment of the plaintiff's cancer proved successful, and although the chemotherapy-induced neuropathy was expected to improve, treatment notes indicate that the plaintiff continued to experience issues with residual neuropathy long after his chemotherapy ended. At the administrative hearing -- over a year after he first reported neuropathy in his feet in May of 2023 following the conclusion of chemotherapy -- the plaintiff testified to disabling functional limitations as a result of his neuropathy. Additionally, the record includes medical source statements from two independent treating medical sources – dated April 25, 2024 and May 29, 2024 respectively – assessing disabling functional limitations as a result of the plaintiff's ongoing chemotherapy-induced neuropathy.

Nonetheless, the ALJ denied the plaintiff's request for a physical CE to evaluate his functional limitations, and in his decision denying benefits the ALJ found the plaintiff's neuropathy did not cause significant functional limitations for a period of 12 months and is therefore non-severe. In assessing a light RFC, the ALJ found the aforementioned medical source statements unpersuasive, stating that they lack support with clinical evidence and that the limitations given are not documented by physical examination. The plaintiff argues on appeal that the ALJ should have ordered such an examination, and the court agrees.

The medical records in this case do not contain notes of any physical examination bearing on the plaintiff's limitations associated with his residual neuropathy at or near the time of the administrative hearing or the ALJ's decision. However, certainly, the treatment notes documenting ongoing issues with neuropathy, the plaintiff's testimony as to disabling functional limitations due to

neuropathy, and the statements from two independent treating medical sources assessing disabling functional limitations due to neuropathy "raise[] the requisite suspicion" concerning the plaintiff's neuropathy "to require the ALJ to order a consultative examination to discharge his duty of 'full inquiry' under 20 C.F.R. § 416.1444." *Pearson v. Bowen*, 866 F.2d 809, 812 (5th Cir. 1989).

The court finds that a physical CE was necessary to enable the ALJ to determine the severity of the plaintiff's residual neuropathy and to make the disability determination, and the ALJ's denial of the plaintiff's request for a CE was therefore an abuse of discretion. The court finds further that prejudice is established by the two independent medical source statements assessing disabling functional limitations due to the plaintiff's neuropathy, and as such reversal is warranted.

For these reasons and for those announced on the record at the conclusion of oral arguments in this case, the Commissioner's decision is REVERSED and REMANDED for a rehearing of the plaintiff's application under the fourth sentence of § 405(g).

This, the 29th day of April, 2025.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE